## GREGG v. CRAWFORD.

1. The Marshal of the United States is not liable to a surety for omitting to levy on the property of his principal, or for making a false return of no property, although by the omission to levy the surety is eventually compelled to satisfy the judgment. The Marshal owes no duty at common law to the surety, and therefore is not responsible to him.

2. Under the statute directing the sheriff or other officer having an execution against more than one, to levy upon the property of the principal in the first instance, the officer is not liable to an action at the suit of the surety, for an omission to levy on the property of the principal, unless the statutory affidavit is made by the surety.

WRIT of Error to the Circuit Court of Mobile County.

This is an action on the case brought by Gregg against Crawford, and its nature will appear from an abstract of the facts alledged in the declaration.

One Robertaille had recovered a judgment in the Circuit Court of the United States, for the Southern District of Alabama, against George W. Botts, William D. Scull and the plaintiff, on a joint and several note, to which the plaintiff was the security for Botts. When the *fi. fa.* issued on this judgment, it was directed, by Robertaille, to be stayed as to the plaintiff, and the defendant, who is the Marshall of the United States

for the Southern District of Alabama, returned that the other parties had no property within his District out of which the money named in the writ could be made.

The three first counts of the declaration are substantially the same, and assert that the defendant omitted to levy the execution on the property of Botts, wrongfully and unjustly intending to wrong and injure the plaintiff; that the return of no property was false, and by means of the premises and for want of other property by Botts the plaintiff has been compelled to pay the amount of the judgment.

An alias *fi. fa.* was afterwards issued on the judgment and the plaintiff then notified the defendant that he was the security of Botts, and directed the defendant to levy the execution on Botts' property, which he pointed out and offered indemnity for the levy. The defendant neglected and refused to make the levy, and by means of this neglect and refusal the plaintiff alleges in his fourth and fifth counts that he has been compelled to pay the amount of the judgment.

The sixth count alledges that after the first execution against Botts, Scull and Gregg was in the defendant's hands, another at the suit of Hamilton & Cole, against Botts only, afterwards came to his hands, which he levied on the property of Botts, and by the sale of it satisfied the junior execution. By means whereof, and for want of other property of Botts, the plaintiff was compelled to pay the amount of the judgment.

The defendant demurred to the declaration, and the Circuit Court sustained the demurrer. The plaintiff assigns this judgment on the demurrer as error.

LESESNE, for the plaintiff in error, cited and relied on Whitaker v. Sumner, 7 Pick. 551; Viner's Ab. Title Officer, B. 1, 744; Comyn Dig. Title Viscount G. a. 552; Glass v. Post, 3 M. & S. 175; Watson on sheriff, 203; Bartlett v. Crogan, 15 John. 250; 8 John. 184; Comyn Dig. Title Pleader, 20; 1 Term Rep. 509; 1 Stewart, 11; Phares & Herndon v. Stewart, 9 Porter, 336.

CAMPBELL, contra, cited Bank of Rome v. Mott, 17 Wendel, 554.

GOLDTHWAITE, J.—The plaintiff's claim to maintain his suit is presented in three aspects in his declaration :

1st. He assumes that it was the defendant's duty to have levied the execution upon the property of Botts and Scull, notwithstanding the stay which was allowed to the plaintiff by the creditor.

2d. He insists that the defendant should not have given the preference to the junior execution of Hamilton & Cole against Botts.

3d. He claims that the defendant was bound, after notice that the plaintiff was security for Botts, to proceed and levy on his property.

In each of these aspects the action is founded on the omission of the defendant to perform a duty supposed to be imposed on him by his office—but in the two first this duty is evidently due to the creditor, and in the last, if due at all, is so to the plaintiff. With respect to all duties imposed by law, or by contract, it is perhaps the universal rule that the action can only be sustained for the omission to perform the duty, by him to whom it is due. This will be evident when it is considered that no other person can waive its performance, or release the damages which are consequent upon the nonperformance.

It cannot for a moment be supposed that Robertaille, the creditor, might not have directed the defendant to return the execution in the manner which he did, without affecting his rights against the plaintiff, and if he had thus directed, the plaintiff would have no pretence of a claim against the Marshal. This then is conclusive to show that the plaintiff had no rights which could be affected by the action of the defendant with respect to the first execution.

The case which is referred to of Whitaker v. Sumner, [7 Pick. 551,] does not, so far as we can understand it, give the least support to the present action. There the defendant had two executions in favor of several plaintiffs, and his duty to each was so to act as to satisfy both, if practicable, and for wilful or even negligent omission to perform this duty, he was liable to an action. But very different from this is the case of an officer who has but one execution, for in that event he owes no obligation to any person except the creditor and the debtor.

This conclusion shows that no cause of action is contained in the first three and the sixth counts.

2. The fourth and fifth counts proceed upon the idea that the defendant owed a duty to the plaintiff, under the circumstances disclosed. This duty, if it exists, arises out of one of our statutes, which is in these terms:

"When an execution may issue against any principal and security on any bill, bond, note or other instrument, the sheriff or other officer shall levy on the property of the principal first, if he has any property in the county where the security resides: *Provided*, the security make oath before some Justice of the Peace that he is security on the said bond, bill, note or other instrument, which affidavit shall be filed by the sheriff or other officer with the execution." [Dig. 164, §24.]

Whatever duties this statute may impose upon the Marshal, it is clear that none are due until the affidavit is made in the manner required by its terms. There is no averment in either one of the counts that such an affidavit was made and notified to the defendant, and without such an averment there is no sufficient cause of action disclosed.

The judgment of the Circuit Court is affirmed.